UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA AULTMAN,
          Plaintiff,

v.                                                        Case No. 13-CV-14068
                                                    Honorable Denise Page Hood

JANET NAPOLITANO, *et. al.*,

          Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [Docket Nos. 5 & 9]

On September 23, 2013, Plaintiff Joshua Aultman filed the instant suit against several defendants: Janet Napolitano, Devin Chamberlain, Randy Dyer, Marlin Jenkins, Fadia Odeh, Steven Olejar, Christopher Perry, and Donald Vaughn. Plaintiff claims that Defendants (1) discriminated against him based on perceived religion and actual religion in violation of Title VII of the Civil Rights Act of 1962 (hereinafter "Title VII"), the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §1983; (2) violated his First Amendment rights to free speech, expressive association, and religious freedom; (3) violated his Fourteenth Amendment right to equal protection; and (4) violated the Whistleblower Protection Act of 1989.

This matter comes before the Court pursuant to Motions to Dismiss by all Defendants **[Docket No. 5, filed January 21, 2014]** and by individual Defendants

Devin Chamberlain, Randy Dyer, Marlin Jenkins, Fadia Odeh, Steven Olejar, Christopher Perry, and Donald Vaughn (hereinafter "CBP defendants") **[Docket No. 9, filed May 16, 2014]**.  Plaintiff filed a Response to both Motions to Dismiss **[Docket No. 8, filed February 11, 2014; Docket No. 11, filed June 7, 2014].**  For the reasons stated below, both of Defendants' Motions to Dismiss are **GRANTED**.

I. BACKGROUND

The Court's understanding of the facts is as follows: Plaintiff Joshua Aultman was an employee of the United States Customs and Border Protection (hereinafter "CBP") from 2007 until his resignation on January 15, 2013.  CBP is a law enforcement agency within the Department of Homeland Security (hereinafter "DHS").  Plaintiff served as a CBP agent and inspector at Detroit Metro Airport.

On March 13, 2013, almost two months after his resignation, Plaintiff contacted an Equal Employment Opportunity (EEO) Counselor and alleged that he had been subjected to a hostile work environment based on his race as a Caucasian, and religion as a Christian from the spring of 2010 until his resignation.  Plaintiff subsequently filed a formal EEO complaint regarding the same issues. The DHS Office of Civil Rights and Civil Liberties (CRCL) dismissed Plaintiff's complaint as untimely, because he failed to initiate EEO counseling within 45 days of the alleged acts of discrimination.

## II.     STANDARD OF REVIEW

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level..." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable

inferences from that content must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.*

Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 12(b)(1) of the Rules of Civil Procedure allows an action to be dismissed for lack of subject matter jurisdiction. In a Rule 12(b)(1) motion, the plaintiff has the burden of proving that the Court has subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996). A Rule 12(b)(1) motion to dismiss is either based on a facial attack or a factual attack of the complaint. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In a facial attack, the Court considers the sufficiency of the complaint and must accept all factual allegations made therein as true unless clearly erroneous. *Id.* at 326. In contrast, a factual attack does not require the Court to take all factual allegations as true. *Id.* at 325. Rather, the Court must

resolve any factual disputes and determine whether it in fact has subject matter jurisdiction. *Id.*

### III. ANALYSIS

In the Defendants' Motion to Dismiss by all Defendants, Defendants argue that the complaint should be dismissed for several reasons **[Docket No. 5, filed January 21, 2014]**. First, the religious discrimination claims are barred because Plaintiff failed to timely exhaust his administrative remedy. Second, Plaintiff's constitutional claims are preempted by Title VII and the Civil Service Reform Act of 1978 (hereinafter "CSRA"), and Plaintiff fails to state a claim under 42 U.S.C. § 1983. Third, the Court lacks subject matter jurisdiction over Plaintiff's whistleblower claim. The Defendants' Motion to Dismiss by individual Defendants reiterates the second and third arguments, but adds that Plaintiff's official capacity claims against the CBP defendants are barred by sovereign immunity **[Docket No. 9, filed May 16, 2014]**.

### a. Religious Discrimination Claims Are Time-Barred

Before a federal employee may bring a claim of employment discrimination under Title VII in federal court, the employee must exhaust his or her administrative remedies. *Brown v. General Serv. Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). A federal employee who believes he or she has been discriminated against based on race, color, or religion must consult an

Equal Employment Opportunity (hereinafter "EEO") counselor prior to filing a complaint and the initial contact with the counselor must be within 45 days of "the matter alleged to be discriminatory" or "the effective date of the action." 29 C.F.R. § 1614.105(a)(1).

An employee's failure to exhaust administrative remedies may be equitably tolled. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). When considering whether equitable tolling should apply, the Court considers:

> (1) whether the plaintiff had actual notice of the time restraint; (2) whether [plaintiff] had constructive notice of the time restraint; (3) the degree of diligence exerted in pursuing [his] rights; (4) the degree of prejudice to the defendant; and (5) the reasonableness of plaintiff's ignorance of the time constraint.

*Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003); *See also* 29 C.F.R. § 1614.105(a)(2).

Plaintiff's discrimination claims are based on events that ended on January 15, 2013. He did not initiate contact with the EEO counselor until March 13, 2013, which was after the 45-day limitation period. Plaintiff stated that he was late in initiating contact, because he "was depressed, drinking a lot and suffering from extreme financial hardship." (Dkt No. 5, Defs.' Mot. to Dismiss, Ex. 4, Email message from Aultman, p.1). Equitable tolling is to be used sparingly and only in compelling cases. *Graham-Humphreys*, 209 F.3d at 560-561. Plaintiff has not

alleged sufficient facts to show how his drinking, depression, or financial hardships were circumstances beyond his control or arose unavoidably. *See* 29 C.F.R. § 1614.105(a)(2). Plaintiff merely asserts his drinking, depression, and financial hardship without indication of the severity of those problems or how they prevented him from pursuing his administrative remedies. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

Plaintiff also stated he was unaware of a 45-day deadline to file. (Defs.' Mot., Ex. 4 at p.1). However, EEO procedures to complain, including the 45-day deadline to file, were posted on bulletin boards at Plaintiff's work area. (Dkt. 4, Ex. A Re Comp., Procedural Dismissal, p.3; *See also* Defs.' Mot., Ex. 1, Declaration of Tisha Hammond). The timeframe was also published on some payroll statements Plaintiff received in 2011 and 2012. *Id*. Records also indicate that Plaintiff attended several trainings that discussed the procedures and timeframe for filing an EEO complaint. *Id*. Plaintiff has not supported his claim that he was ignorant of the 45-day restraint and his explanation is unreasonable in this situation.

Since Plaintiff's failure to timely exhaust remedies does not warrant equitable tolling as permitted by 29 C.F.R. § 1614.105(a)(2), Plaintiff's religious discrimination claim under Title VII is time-barred and is dismissed.

### b. First and Fourteenth Amendment Claims Preempted Under Title VII and the CSRA

Plaintiff's First Amendment claims arise out of the alleged religious discrimination he suffered. Title VII is "the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835, 96 S. Ct. 1961, 1969, 48 L. Ed. 2d 402 (1976). Plaintiff's First Amendment claims are "intertwined" with the religious discrimination claim, and are therefore, preempted under Title VII. *See Toyee v. Reno,* 940 F. Supp. 1094, 1096 (E.D. Mich. 1996).

The CSRA provides Plaintiff with the means to challenge Defendants' personnel actions that are described in the complaint. The remedies under the CSRA are the only remedies available to Plaintiff and the Court does not have a jurisdictional basis to review those actions. *See Krafsur v. Davenport,* 736 F.3d 1032, 1037 (6th Cir. 2013); *See also Bush v. Lucas,* 462 U.S. 367, 368, 103 S. Ct. 2404, 2406, 76 L. Ed. 2d 648 (1983). Plaintiff's First amendment and religious discrimination claims fail and are dismissed.

### c. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983

" To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."

*West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-2255, 101 L. Ed. 2d 40 (1988) (internal citations omitted). As § 1983 is not itself a source of substantive rights, and only a method for vindicating federal rights elsewhere conferred, a plaintiff must set forth specific constitutional grounds for asserting a § 1983 claim. *Graham v. Connor,* 490 U.S. 386, 393-394 (1989); *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979).

Since Defendants were not acting under color of state law, Plaintiff may not assert a claim under 42 U.S.C. § 1983 and the claim is dismissed. Generally, in order to file a suit against the Government's agency based on a constitutional violation, a plaintiff must file a suit pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), not under 42 U.S.C. § 1983. Plaintiff's complaint does not allege any claims under *Bivens.* The substantive claims under the Constitution have been addressed above, and for those reasons, all claims under 42 U.S.C. § 1983 are denied.

### d. The CBP Defendants, in Their Official Capacities, are Entitled to Sovereign Immunity

A suit against a government official is deemed to be a suit against the entity for which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*,

510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994) (internal citations omitted). Plaintiff only argues that his "claims are not barred by sovereign immunity if he brings the action against Defendants *in their personal capacity* and demonstrates that they violated his Constitutional rights." (Dkt. 8, Pl.'s Resp. to Individual Defs.' Mot. To Dismiss, p.2-3 (emphasis added)). Defendants, in their official capacities, are entitled to sovereign immunity on all claims and Plaintiff has not shown that they waived their right to sovereign immunity in their official capacities. Plaintiff cannot sue Defendants in their personal capacity under 42 U.S.C. § 1983, because the substantive claims fail for reasons set forth above.

### e. Plaintiff's Whistleblower Claim Fails for Lack of Subject-Matter Jurisdiction

The CSRA "provide[s] comprehensive protection to whistleblowers… which would preclude independent lawsuits by individual claimants." *Braun v. United States*, 707 F.2d 922, 925 (6th Cir. 1983). An employee who experiences a prohibited personnel practice must first complain to the Office of Special Counsel, and the Special Counsel reports his conclusion to the agency or may refer the case to the Merit Systems Protection Board if the agency fails to take corrective action. 5 U.S.C. §§ 1214(b), (c); *Krafsur v. Davenport*, 736 F.3d 1032, 1034 (6th Cir. 2013). Only after

completing this process may a whistleblower appeal to a federal court. *Id*. Plaintiff has failed to demonstrate that he has exhausted his administrative remedies as required prior to filing in federal court. The Court dismisses his whistleblower claim for lack of subject-matter jurisdiction.

I.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motions to Dismiss by all Defendants **[Docket No. 5, filed January 21, 2014]** and by individual Defendants Devin Chamberlain, Randy Dyer, Marlin Jenkins, Fadia Odeh, Steven Olejar, Christopher Perry, and Donald Vaughn **[Docket No. 9, filed May 16, 2014]** are **GRANTED.**

**IT IS ALSO ORDERED** that this action is **DISMISSED** with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 20, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 20, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager